KENNEDY, Justice.
State Farm Fire and Casualty Company (“State Farm”) filed an action against Catherine Shadwrick, seeking a judgment declaring that Shadwrick committed arson by burning her house and that it was therefore not obligated to pay Shadwrick any proceeds from her homeowner’s insurance policy. At the close of State Farm’s case, Shadwrick made a motion for a directed verdict based on the alleged insufficiency of State Farm’s evidence.
The jury returned a verdict for State Farm, and in its order entering judgment on the verdict the trial court stated that State Farm had “no obligation to pay any proceeds under the fire policy ... [because] *1077 the jury found that [Shadwrick] set the fire or procured the setting of the fire made the basis of this lawsuit.” Shadwrick never renewed her argument concerning sufficiency by a Rule 50, A.R.Civ.P., motion for a judgment notwithstanding the verdict (“j.n.o.v.”), but she filed Rule 59(a) and (e), A.R.Civ.P., motions for new trial and to alter, amend, or vacate the judgment; the court denied those motions.
Shadwrick appeals from the denial of her directed verdict motion and the denial of her motion for new trial or to alter, amend, or vacate the judgment. Both a motion for directed verdict and for j.n.o.v. may be used to test the sufficiency of the evidence. King Mines Resort, Inc. v. Malachi Mining & Minerals, Inc., 518 So.2d 714 (Ala.1987); Casey v. Jones, 410 So.2d 5 (Ala.1981). In a motion for a new trial, the movant normally tests the weight of the evidence, not its sufficiency. King Mines Resort; Jawad v. Granade, 497 So.2d 471 (Ala.1986); Casey. In King Mines Resort, we stated:
“One who, on appellate review, seeks, on the ground of insufficiency of the evidence, the reversal of an adverse judgment and the entry of a judgment in his favor, must meet a two-pronged test: (1) He must ask for a directed verdict at the close of all the evidence, specifying ‘insufficiency of the evidence’ (lack of proof) as a ground; and (2) he must renew this motion by way of a timely filed post-judgment motion for J.N.O.V., again specifying the same insufficiency-of-the-evidence ground. See Rule 50, A.R.Civ.P., and Committee Comments; Bains v. Jameson, 507 So.2d 504, 505 (Ala.1987); and Ritch v. Waldrop, 428 So.2d 1 (Ala.1982).
“The failure to comply with the two-pronged test does not preclude the party from arguing ‘insufficiency’ or that the verdict is against the great weight of the evidence, as a ground for a new trial, either before the trial court on a post-judgment motion for a new trial or before an appellate court on an appeal following an adverse ruling by the trial court. In that event, however, even if the reviewing court finds that the evidence is insufficient to support the judgment, the only relief that can be granted is a new trial, not a J.N.O.V. See Independent Life & Accident Insurance Co. v. Parker, 449 So.2d 233, 236 (Ala.1984).
518 So.2d at 716.
Because Shadwrick did not move for j.n. o.v., we address her appeal only in relation to the grounds raised in the motion for new trial: (1) that State Farm “failed to establish a prima facie case [because State Farm] failed to connect the defendant with the burning of her residence” and (2) that the trial court erred by refusing to allow Sandra Apolinsky to testify on behalf of Shadwrick. Shadwrick seems to argue both that State Farm’s evidence was insufficient and that the verdict was against the great weight of the evidence; as we point out later in this opinion, State Farm had sufficient evidence to present its claim to the jury and the jury’s verdict was not against the great weight of the evidence, so we do not determine if Shadwrick’s first ground was a challenge to sufficiency or to weight.
For State Farm to establish a pri-ma facie case of arson for the purpose of denying Shadwrick’s insurance coverage, it must prove that (1) the fire was intentionally set; (2) Shadwrick had a motive for committing the alleged arson; and (3) Shadwrick either set the fire or had it set, which may be proved by unexplained surrounding circumstantial evidence implicating Shadwrick. United Services Automobile Association v. Wade, 544 So.2d 906, 909 (Ala.1989); Mueller v. Hartford Insurance Co. of Alabama, 475 So.2d 554 (Ala.1985); Great Southwest Fire Insurance Co. v. Stone, 402 So.2d 899 (Ala.1981). Shadwrick, citing Mueller at 557, argues that State Farm must prove its case by “evidence so convincing that it will sustain no other reasonable hypothesis but that [Shadwrick set] the fire,” which seems to be a higher burden of proof than the “substantial evidence” rule would impose. Shadwrick can claim error only in adverse rulings by the trial court, and it is her affirmative duty to show error in the record. Smith v. Equifax Services, Inc., 537 So.2d 463 (Ala.1988). She did not raise this argument in her directed verdict mo *1078 tion, in her motion for new trial, or in any other manner in the trial court. Consequently, any error regarding the standard of proof is not preserved for review.
The first element that State Farm had to prove was that the fire was intentionally set. Wade; Mueller; Stone. It is undisputed that the fire was intentionally set. Shadwrick herself states that State Farm produced evidence “sufficient to establish the incendiary origin of the fire.”
The second element that State Farm had to prove was that Shadwrick had a motive for committing the alleged arson. Wade; Mueller; Stone. State Farm produced evidence indicating that Shadwrick owed $37,-500 to AmSouth Bank and $12,500 to her mother and that both debts were secured by mortgages on the house; that Shad-wrick was attempting to sell her house and move in with her boyfriend, who was unemployed; that she had been unsuccessful in selling the house; that the proceeds from the fire insurance policy might allow her to pay off both debts, satisfying both mortgages, and have $8,000-$10,000 left over; that she had insufficient income to support herself as a full-time student and her 9- and 11-year-old daughters. To refute State Farm’s evidence of motive, Shad-wrick produced evidence that State Farm had exaggerated her financial difficulties and that she had lost irreplaceable items of sentimental value in the fire. Nevertheless, taken as a whole, State Farm’s evidence was sufficient to allow the jury to determine that Shadwrick had a motive to commit arson.
The third element that State Farm had to prove was that Shadwrick either set the fire or had it set, Wade; Mueller, Stone. State Farm produced evidence that Shad-wrick was staying only 4.8 miles away from her house the night it burned and that even in noontime traffic it took only seven minutes to travel from where she was staying to her house; that Shadwrick and her mother had the only keys to the house and that when the firefighters arrived all the doors and windows were locked; that Shadwrick was the last person known to have been in the house before it burned; that Shadwrick had moved some personal items from her house to her boyfriend’s house; and that when Shadwrick’s next door neighbor called her to say that the house was on fire, Shadwrick seemed not to be concerned and, indeed, did not go to check on the house until the next day. Considering that evidence, taken as a whole, we hold that State Farm produced sufficient evidence to allow a jury to determine whether Shadwrick either set the fire or had it set. Thus, State Farm presented sufficient evidence of all the elements of its arson claim to allow the claim to be submitted to the jury.
To be sure, Shadwrick produced contrary evidence. She points out correctly that evidence of financial difficulties do not necessarily indicate that a person has a motive to commit arson; that moving some personal items to her boyfriend’s house does not necessarily indicate that she intended to burn her house; and that there was evidence that her former husband besieged her with prank calls and that she thought the call from the woman who turned out to be her neighbor was another prank call set up by her husband. All that evidence and much more that Shadwrick presented at trial and argues in her brief was presented to the jury, along with State Farm’s evidence.
Factual disputes are resolved by the trier of fact. United American Insurance Co v. Brumley, 542 So.2d 1231 (Ala.1989); Hill Air of Gadsden, Inc. v. Marshall, 526 So.2d 15 (Ala.1988). A jury’s verdict is presumed correct and will not be disturbed unless plainly erroneous or manifestly unjust. Brumley; Hill Air. This presumption of correctness is further strengthened when a motion for new trial is denied by the trial court. Brumley; Hill Air.
The jury’s verdict in this case is neither plainly erroneous nor manifestly unjust. The trial court did not err in denying Shad-wrick’s motion for new trial based on either the sufficiency or the weight of the evidence.
Shadwrick also contends that the trial court erred by refusing to allow Sandra Apolinsky to testify on Shadwrick’s behalf. In an offer of proof, Shadwrick indicated that Apolinsky would testify that before Shadwrick and her former husband *1079 were divorced, her former husband sexually abused their daughters. Shadwrick argues that the evidence was admissible to impeach her former husband’s testimony that he did not sexually abuse the children; from that impeachment, Shadwrick argues, the jury could properly reject the rest of the former husband’s testimony. Shad-wrick attempted to prove at trial that it was the former husband who either set the fire or had it set. Shadwrick has not shown how the testimony concerning sexual abuse of the children, on which she wants to impeach the testimony of her former husband, was relevant in the first place.
The trial court seems to have excluded Apolinsky’s testimony because it determined that she was not an expert on sexual abuse of children. On appeal State Farm contests the relevancy of the testimony as well as Apolinsky’s qualifications as an expert. We will affirm a judgment appealed from if that judgment is supported by a valid legal ground. Smith v. Equifax; Tucker v. Nichols, 431 So.2d 1263, 1265 (Ala.1983). We need not determine whether the trial court’s ruling is based on a proper rationale. We note, however, that Shadwrick presented other evidence that her former husband had sexually abused their children; that evidence was substantially the same as what the offer of proof indicated Apolinsky’s testimony would have been. Considering the extremely dubious relevancy of the testimony and considering that Apolinsky’s testimony as indicated by the offer of proof was substantially duplicated by other evidence presented by Shad-wrick, we hold that if the trial court erred on this issue, the error was harmless. Rule 61, A.R.Civ.P.; see, e.g. Town of Eclectic v. Mays, 547 So.2d 96 (Ala.1989).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ„ concur.