[1] Some documents in the record refer to the plaintiff as "Bernette B. Ross"; other documents refer to the plaintiff as "Bernetta B. Ross."
This arbitration case arises out of Bernette Ross's purchase of an automobile, sold to her by Jim Burke Automotive, Inc. ("Jim Burke"), and financed by Nissan Motor Acceptance Corporation ("Nissan"). Ross sued Jim Burke and Nissan, alleging, among other things, fraud. Jim Burke and Nissan moved to stay the proceeding below and to compel arbitration. The trial court granted Jim Burke's motion to compel arbitration, but denied Nissan's motion. Nissan appealed.[2] We reverse and remand.
In January 1995, Ross purchased a new car from Jim Burke. The purchase transaction involved two pertinent documents: (1) a retail buyer's order, which contained an arbitration clause signed by Ross and Jim Burke; and (2) a retail sales contract, which was assigned to Nissan. The retail buyer's order specifically incorporates the retail sales contract.
Ross alleges that Jim Burke used a rebate, or incentive payment, to artificially lower her payments from $468 per month to $125 per month for approximately 7 months. Ross further alleges that Jim Burke misrepresented that at the end of the 7-month period, she could trade in her new vehicle for another vehicle and continue to make payments of only $125 per month. After the 7 months expired, no trade-in occurred. Ross's payments rose to $468 per month; she had difficulty making those higher payments, and in February 1996 she returned the car to Jim Burke. Nissan sold the car at a private auction and then sought to collect the $7,000 balance due on Ross's note. In response, Ross sued Jim Burke and Nissan, alleging, among other things, misrepresentation of material facts in the sale of the automobile.
Section 2 of the Federal Arbitration Act ("FAA") provides in pertinent part:
 "A written provision in any . . . contract evidencing a transaction involving interstate commerce to settle by arbitration a *Page 326 controversy thereafter arising out of such contract
or transaction . . . shall be valid, irrevocable, and enforceable. . . ."
9 U.S.C. § 2 (emphasis added).[3]
The retail buyer's order signed by Ross and Jim Burke provides in pertinent part:
 "All disputes and controversies of every kind and nature between the parties hereto arising out of or in connection with this contract, its subject matter or its negotiation . . . or any claim alleging fraud in fact, fraud in the inducement, deceit, or suppression of any material fact shall be submitted to binding arbitration. . . .
". . . .
 "The contract consists of the following documents: . . . this retail buyer's order . . . retail sales contract and security agreement. . . ."
(Emphasis added.)
Ross's retail sales contract, signed by Ross and assigned to Nissan, provides:
 "NOTICE: [Jim Burke] intends to sell this contract to Nissan Motor Acceptance Corporation, which, if it buys the contract, will become the owner of the contract and your creditor. . . .
". . . .
 "If [Jim Burke] transfer[s] this contract to an assignee you will be given notice thereof and you agree that the assignee will have all of our rights and remedies under the contract . . . ."
(Emphasis added.)
Nissan contends simply that under the retail buyer's order Ross agreed to arbitrate "all disputes"; that the order specifically incorporated the retail sales contract; and that Nissan became a party to the retail sales contract when Jim Burke assigned it to Nissan. Nissan argues that through the assignment it steps into the shoes of Jim Burke, the assignor, and is entitled to arbitration, under the express provisions of the arbitration clause. We agree.
As an assignee, Nissan simply steps into the shoes of the assignor, Jim Burke, a signatory to the arbitration agreement.Upchurch v. West, 234 Ala. 604, 609, 176 So. 186, 190 (1937), overruled on other grounds, Dominex, Inc. v. Key,456 So.2d 1047 (Ala. 1984). A valid assignment gives the assignee the same rights, benefits, and remedies that the assignor possesses. Id.
Accord John D. Calamari Joseph M. Perillo, The Law ofContracts, § 18-3 at 633, 634 (2d ed. 1977). Thus, Nissan has the right to compel arbitration. See, e.g., I.S. Joseph Co. v.Michigan Sugar Co., 803 F.2d 396, 400 (8th Cir. 1986) (stating that, assuming a valid assignment, the assignee could enforce an arbitration provision entered into by the assignor);Chatham Shipping Co. v. Fertex S.S. Corp., 352 F.2d 291, 294 (2d Cir. 1965) (stating that "absent contrary expression, assignment of a contract carries with it a right to arbitration therein provided"); Gruntal Co., v. Steinberg, 843 F. Supp. 1
(D.N.J. 1994) (stating that "a successor to or assignee of a contract containing an arbitration clause may be obligated to arbitrate pursuant to that arbitration clause"); Banque deParis et des PaysBas v. Amoco Oil Co., 573 F. Supp. 1464
(S.D.N.Y. 1983) (stating that an assignee may pursue the claims of the assignor and may enforce an arbitration provision the assignor had agreed to).
The trial court improperly denied Nissan's motion to compel arbitration. We therefore reverse the trial court's order and remand the cause for further proceedings not inconsistent with this opinion.[4]
REVERSED AND REMANDED. *Page 327 
HOOPER, C.J., and MADDOX, SHORES, and HOUSTON, JJ., concur.
COOK, J., concurs specially.
BUTTS, J., concurs in the result.
[2] A direct appeal is the generally accepted method of review when a trial court denies a motion to compel arbitration. A.G.Edwards Sons, Inc. v. Clark, 558 So.2d 358, 360 (Ala. 1990). A petition for a writ of mandamus is the generally accepted method of review when the trial court grants a motion to compel arbitration. Ex parte Alexander, 558 So.2d 364, 365 (Ala. 1990).
[3] Neither party has alleged that the transaction did not involve interstate commerce. See Allied-Bruce Terminix Cos. v. Dobson,513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995) (holding that all arbitration provisions dealing with transactions involving interstate commerce are subject to the FAA).
[4] Although Ross argued before the trial court that she was fraudulently induced by Jim Burke to sign the arbitration agreement, the trial court held that Ross was not fraudulently induced and that the arbitration agreement was valid. Ross did not challenge that decision below, nor did she cross appeal. Therefore, that issue is not properly before us. Metro Bank v.Henderson's Builders Supply Co., 613 So.2d 339 (Ala. 1993). In any event, under the language of the arbitration clause ("any claim alleging . . . fraud in the inducement . . . shall be submitted to binding arbitration"), whether Ross was fraudulently induced to sign the arbitration agreement is also a matter to be determined by the arbitrator. First Options ofChicago, Inc. v. Kaplan, 514 U.S. 938, 943, 115 S.Ct. 1920,1923-24, 131 L.Ed.2d 985 (1995).
Further, Ross failed to raise to the trial court her claim that Nissan waived its right to arbitrate by substantially participating in the litigation process. Therefore, we will not address it on appeal. Shadwrick v. State Farm Fire Cas. Co.,578 So.2d 1075, 1077 (Ala. 1991). In any event, Nissan included the defense of arbitration in its amended answer to Ross's amended complaint. Further, mere participation in discovery does not constitute a substantial invocation of the litigation process. Ex parte Merrill Lynch, Pierce, Fenner Smith, Inc.,494 So.2d 1 (Ala. 1986).