768 So.2d 362 (1999)
JACK INGRAM MOTORS, INC.
v.
Jeffery WARD.
Primus Automotive Financial Services, Inc. d/b/a Mazda American Credit
v.
Jeffery Ward.
1972027 and 1972165.
Supreme Court of Alabama.
December 3, 1999.
Rehearing Denied April 7, 2000.
Paul M. James, Jr., of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, for appellant Jack Ingram Motors, Inc.
Charles R. Driggars and C. Randal Johnson of Sirote & Permutt, P.C., Birmingham, for appellant Primus Automotive Financial Services, Inc., d/b/a Mazda American Credit.
Frank H. Hawthorne, Jr., and C. Gibson Vance of Hawthorne, Hawthorne & Vance, L.L.C., Montgomery, for appellee.
Rehearing Denied in No. 1972165 April 7, 2000.
*363 PER CURIAM.
This case involves a trial court's denial of a motion to compel arbitration. Jeffery Ward agreed to lease a car from Jack Ingram Motors, Inc., a Mazda automobile dealership. He was assisted by Ron Madrid, a salesman for Jack Ingram Motors, in executing the lease documents. The paperwork Mr. Ward signed indicated that he would not be paying an "acquisition fee." However, Mr. Ward was charged a $450 acquisition fee, and that fee was included in his monthly lease payments. Mr. Ward was not provided with any paperwork that would have placed him on notice that the acquisition fee had been included in his monthly payments. When he entered his lease agreement, Mr. Ward also signed a separate document entitled "American Automotive Arbitration Provision." That arbitration provision read as follows:
"Buyer/lessor acknowledges and agrees that the vehicle purchased or leased herein from Jack Ingram Motors has traveled in interstate commerce. Buyer/lessor thus acknowledges that the vehicle and other aspects of the sales or lease transaction are involved in, affect, or have a direct impact upon, interstate commerce. Buyer/lessor and dealer agree that all claims, demands, disputes or controversies of every kind or nature that may arise between them concerning any of the negotiations leading to the sale or lease of the vehicle terms and provisions of the sale or lease, arrangements for financing, purchase of insurance, purchase of extended warranties or service contracts, the performance or condition of the vehicle, or any other aspect of the vehicle and its sale or lease shall be settled by binding arbitration conducted pursuant to the provisions of 9 U.S.C Section 1 et seq. and according to the commercial Rules of the American Arbitration Association. Without limiting the generality of the foregoing, it is the intention of the buyer/lessor and the dealer to resolve by binding arbitration all disputes between them concerning the vehicle, its sale or lease and its conditions, including disputes concerning the terms and conditions of the sale or lease, the condition of the vehicle, any damage to the vehicle, the terms and meaning of any of the documents signed or given in connection with the sale or lease, any representations, promises or omissions made in connection with negotiations for the sale or lease of the vehicle, or any terms, conditions or representations made in connection with the financing, credit life insurance, disability insurance, and vehicle extended warranty or service contract purchased or obtained in connection with the vehicle.
"Either party may demand arbitration by filing with the American Arbitration Association a written demand for arbitration along with a statement of the matter in controversy. A copy of the demand for arbitration shall simultaneously be served upon the other party. The buyer/lessor and the dealer agree that the arbitration proceedings to resolve all such disputes shall be conducted in the city where dealer's facility is located."
On April 14, 1998, Jeffery Ward filed a complaint against Jack Ingram Motors, Inc., and Primus Automotive Financial Services, Inc., alleging fraud, suppression, and wantonness. Shortly thereafter, the defendants filed motions to compel arbitration of Ward's claims. Ward then filed an amended complaint alleging fraud in the inducement; that allegation related solely to the arbitration contract. The trial court held a hearing on the defendants' motions to compel arbitration, and, after hearing oral arguments from both parties, issued an order denying the defendants' motions to compel arbitration. The defendants appeal from that order.

Primus Automotive Financial Services, Inc.
Did the trial court err in refusing to compel arbitration of the claims against the defendant Primus Automotive Financial *364 Services? The arbitration provision is limited by its terms to disputes arising between the "buyer/lessor" (Ward) and the "dealer" (Jack Ingram Motors). It is not broad enough to include Primus. See Universal Underwriters Life Ins. Co. v. Dutton, 736 So.2d 564 (Ala.1999). Therefore, the trial court properly denied the arbitration motion insofar as it related to the claims against defendant Primus Automotive Financial Services, Inc. The order denying the motion to arbitrate is affirmed insofar as it related to that defendant.

Jack Ingram Motors, Inc.
Did the trial court err in denying the motion to compel arbitration of the claims against the defendant Jack Ingram Motors? Based on this Court's recent opinion in Investment Management & Research, Inc. v. Hamilton, 727 So.2d 71 (Ala.1999), and on the fact that the record in this case is incomplete, we reverse the order as it relates to Jack Ingram Motors and remand with instructions.
In Investment Management, this Court stated that "when a claim of fraud in the inducement is directed toward the arbitration clause itself, the issue is adjudicated by the court." 727 So.2d at 78; see also Anniston Lincoln Mercury Dodge v. Conner, 720 So.2d 898 (Ala.1998). The decision in Investment Management was based on the United States Supreme Court's decision in Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), which held that "if the claim is fraud in the inducement of the arbitration clause itselfan issue which goes to the `making' of the agreement to arbitrate the federal court may proceed to adjudicate it." See also Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 604 So.2d 332 (Ala.1991)(holding that a fraud claim directed solely at the arbitration clause itself entitles the party opposing arbitration to a trial involving state-law issues relating to the making of the arbitration clause).
The plaintiff Ward amended his complaint to allege fraud in the inducement of the arbitration agreement. The trial court held a hearing on the defendants' motion to compel arbitration and at that hearing heard oral arguments by both the plaintiff and the defendants. During the hearing, the defendants challenged the plaintiff's claim of fraud in the inducement, arguing that the amended complaint contained no factual allegations of any representations made by anyone at Jack Ingram Motors upon which the plaintiff relied. The plaintiff's counsel twice volunteered to further amend the complaint to provide a more definite statement relating to the facts of the fraudulent-inducement claim, if the trial court felt amendment necessary. Rather than ordering the plaintiff to amend his complaint to include a more definite statement relating to the facts of the fraudulent-inducement claim, the trial judge denied the defendant's motion to compel arbitration.
Insofar as the order denied arbitration of the claims against Jack Ingram Motors, it is reversed. On remand the trial court is instructed to order the plaintiff to amend his complaint so as to make a more definite statement relating to the facts underlying the fraudulent-inducement claim. Although it is apparent that the trial judge sought to follow this Court's holding in Investment Management, the judge denied arbitration without sufficient facts before him to support the fraudulent-inducement claim. Thus, as to Jack Ingram Motors, the trial judge prematurely denied the motion to compel arbitration.[1]
*365 Having decided the issues presented in this case, we make some observations about the procedure by which this Court has been reviewing orders denying arbitration and orders compelling arbitration.
This Court has been reviewing orders compelling arbitration by entertaining mandamus petitions. The denial of a petition for a writ of mandamus does not have res judicata effect. Quality Truck & Auto Sales, Inc. v. Yassine, 730 So.2d 1164, 1167 n. 4 (Ala.1999) (denial of petition for writ of mandamus directing trial court to compel arbitration did not foreclose review of same issue on appeal). Our current practice of reviewing orders compelling arbitration entitles the petitioner to invoke further proceedings in the trial court to avoid arbitration. See, e.g., Green Tree Fin. Corp. v. Wampler, 749 So.2d 409 (Ala. 1999) (parties opposing arbitration had burden of proving that arbitration clause was unconscionable, but they did not present substantial evidence that would support a finding that it was; trial court's order denying motions to compel arbitration reversed and cause remanded). Thus, in this case it is proper to remand for further proceedings, including the submission of any additional evidence that would justify an order denying arbitration.
Perhaps we should reconsider the procedural bases upon which we review orders compelling arbitration and orders denying it. Under federal practice, before the 1988 amendments to 9 U.S.C. § 16, the United States Supreme Court had applied the Enelow-Ettelson doctrine (Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935); Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942)) to arbitration, so as to treat applications for stays for arbitration by which a claim cognizable at law (such as an action for money damages) would be stayed, based on the arbitration order, as analogous to an application for an injunction subject to interlocutory review pursuant to 28 U.S.C. § 1291(a)(1). Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955). In other settings, the order was not immediately appealable. Then, in Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988), the Court held that orders compelling or denying arbitration were not appealable as being analogous to an injunction subject to 28 U.S.C. § 1291(a).
Congress responded eight months later with amendments to 9 U.S.C. § 16, allowing an immediate appeal of an order denying arbitration, but preventing interlocutory review of orders compelling arbitration, except for review pursuant to 28 U.S.C. § 1292(b), by which interlocutory orders involving controlling questions of law may be reviewed. The federal system is therefore not nearly as hospitable to review of orders compelling arbitration as it is to orders denying arbitration.
This Court entertains an appeal as a matter of right from an order denying arbitration. A.G. Edwards & Sons, Inc. v. Clark, 558 So.2d 358 (Ala.1990) (appealability as of right conforms to similar relief available in the federal courts and allows 42 days, pursuant to Rule 4, Ala. R.App. P.). On the other hand, an order compelling arbitration is reviewed by a petition for a writ of mandamus. Lopez v. Home Buyers Warranty Corp., 670 So.2d 35 (Ala. 1995). At least two critical areas of difference exist. Review as a matter of right leads to finality, while denial of relief by mandamus does not have a res judicata effect, particularly where a successive petition alleges different circumstances. Direct appeals reach this Court under an arguably less difficult standard of review than do mandamus petitions, where we confine relief to instances of abuse of discretion.
We have described the process by which orders compelling arbitration are presented as being analogous to a ruling on a motion for a summary judgment. *366 Ryan's Family Steak Houses, Inc. v. Regelin, 735 So.2d 454 (Ala.1999). The analogy ought to apply equally to orders denying arbitration. However, we do not review orders denying a summary judgment by petition for writ of mandamus, except in a case where the defense of immunity is at issue. Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893 (Ala.1998); Ex parte Alabama Dep't of Forensic Sciences, 709 So.2d 455 (Ala. 1997). Nonetheless, the analogy is helpful because of the availability of standards for dealing with factual disputes. Further, analogy to summary-judgment practice under Rule 56(f), Ala. R. Civ. P., includes the standards governing discovery in opposing a motion to compel arbitration. Participation in limited discovery does not compel the conclusion that the party seeking arbitration has substantially invoked the litigation process, thereby waiving its right to demand arbitration. Ex parte Dyess, 709 So.2d 447 (Ala.1997). Discovery that is essential to the determination of the issue of arbitrability does not invoke the litigation process so as to give rise to a waiver of the right to arbitrate a dispute.
We generally discourage review of interlocutory orders, with exceptions such as Rule 4(a)(1) and Rule 5, Ala. R.App. P. If we adapted the current federal practice to our existing rules, we could say that orders compelling arbitration are not appealable except pursuant to Rule 5, Ala. R.App. P., and that orders denying arbitration are appealable as of right, pursuant to Rule 4(a)(1)(A), Ala. R.App. P., drawing an analogy to the appealability of an order denying a stay or an injunction. If we wanted to take a course more hospitable to interlocutory review of orders either compelling or denying arbitration, then our existing rules are not as adaptable. Rule 5, Ala. R.App. P., has its limitations by reason of this Court's refusal to entertain petitions brought pursuant to that rule in settings where the facts are controverted, as is often the case in regard to arbitration disputes. See, e.g., Gates Rubber Co. v. Cantrell, 678 So.2d 754 (Ala.1996); Travelers Ins. Co. v. Jones, 529 So.2d 234 (Ala. 1988). Because an order compelling or denying arbitration does not dispose of a claim, Rule 54(b) is not available.
We ask our Standing Committee on the Alabama Rules of Appellate Procedure to draft and propose for our adoption procedures for appellate review of orders either compelling or denying arbitration. A new subparagraph of Rule 4(a)(1), Ala. R.App. P., treating all such orders as being appealable as of right, within a stated time period, would assure that both sides to an arbitration controversy could come to this Court subject to the same standards of review and that both sides would be bound by the same principles of finality.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
LYONS, J., concurs specially.
SEE, J., dissents.
LYONS, Justice (concurring specially).
Having conceived and authored the portion of the per curiam opinion that Justice Johnstone discusses in his concurrence, I can state that his interpretation as to the existence of a restriction to the principle of equal rights of review in the charge to the Appellate Rules Committee is accurate.
JOHNSTONE, Justice (concurring).
I concur in the opinion of the Court, but with the caveat that the inclusion of certain language in our opinion should not be misinterpreted to mean that this Court considers the federal restrictions on review of an order compelling arbitration to be an option for consideration by the Appellate Rules Committee. Specifically, after the opinion states, "Perhaps we should reconsider the procedural bases upon which we *367 review orders compelling arbitration and orders denying it," 768 So.2d at 365, the opinion discusses the history and the present state of the law applicable in federal court which allows an immediate appeal of an order denying arbitration but prevents interlocutory review of an order compelling arbitration unless it involves a controlling question of law. The opinion then says,
"We generally discourage review of interlocutory orders, with exceptions such as Rule 4(a)(1) and Rule 5, Ala. R.App. P. If we adapted the current federal practice to our existing rules, we could say that orders compelling arbitration are not appealable except pursuant to Rule 5, Ala. R.App. P., and that orders denying arbitration are appealable as of right, pursuant to Rule 4(a)(1)(A), Ala. R.App. P.... If we wanted to take a course more hospitable to interlocutory review of orders either compelling or denying arbitration, then our existing rules are not as adaptable." (Emphasis added.)
768 So.2d at 366.
Because the language either described or quoted above appears in the context of what may be interpreted simply as informative background material, I trust that it is nothing more. The parties on both sides of a motion to compel arbitration should have equal rights of review. I interpret our opinion as restricting the Appellate Rules Committee to that principle of equal rights of review in the following language, which concludes our opinion:
"We ask our Standing Committee on the Alabama Rules of Appellate Procedure to draft and propose for our adoption procedures for appellate review of orders either compelling or denying arbitration. A new subparagraph of Rule 4(a)(1), Ala. R.App. P., treating all such orders as being appealable as of right, within a stated time period, would assure that both sides to an arbitration controversy could come to this Court subject to the same standards of review and that both sides would be bound by the same principles of finality."
768 So.2d at 366.
SEE, Justice (dissenting).
The trial court denied the motion to compel arbitration of the plaintiff's claims against Primus Automotive Financial Services, Inc. This Court affirms. The trial court also denied the motion of Jack Ingram Motors, Inc., to compel arbitration. This Court reverses that denial, but remands the case with instructions that the trial court order the plaintiff Jefferey Ward to amend his complaint to make a more definite statement of the facts underlying his claim that he was fraudulently induced to enter the arbitration agreement. I dissent from both rulings of this Court, because, in response to these two defendants' properly supported motions to compel arbitration, Ward failed to produce substantial evidence in support of his fraudulent-inducement claim, and because Primus is the assignee of Jack Ingram Motors' right to arbitration, see Nissan Motor Acceptance Corp. v. Ross, 703 So.2d 324 (Ala.1997).
The main opinion affirms the trial court's order denying arbitration of the claims against Primus, based on the language of the arbitration agreement, which the main opinion states is limited by its terms to disputes between Ward and Jack Ingram Motors. However, Ward does not dispute that Primus is the assignee of Jack Ingram Motors' rights under the arbitration agreement. In Nissan Motor Acceptance Corp. v. Ross, this Court held that the trial court had improperly denied Nissan Motor Acceptance Corporation's motion to compel arbitration of the claims made against it by the purchaser of an automobile. This Court stated:
"As an assignee, Nissan simply steps into the shoes of the assignor, Jim Burke [the dealer that had sold the automobile], a signatory to the arbitration agreement. A valid assignment gives the assignee the same rights, benefits, *368 and remedies that the assignor possesses. Thus, Nissan has the right to compel arbitration."
Ross, 703 So.2d at 326 (citations omitted). Similarly, as assignee, Primus "simply steps into the shoes of the assignor," Jack Ingram Motors, which is a signatory to the arbitration agreement. Thus, although the language of the arbitration provision is limited to disputes between Ward and Jack Ingram Motors, because Primus is Jack Ingram Motors' assignee Primus has the right to compel arbitration if Jack Ingram Motors has that right.
I would hold that Jack Ingram Motors does have the right to compel arbitration of Ward's claims. This Court has stated that a trial court's duty in ruling on a motion to compel arbitration is analogous to its duty in ruling on a motion for summary judgment. See Allied-Bruce Terminix Companies, Inc. v. Dobson, 684 So.2d 102, 108 (Ala.1995). "`[A]fter a motion to compel arbitration has been made and supported, the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question.'" Ryan's Family Steak Houses, Inc. v. Regelin, 735 So.2d 454, 457 (Ala.1999) (quoting Jim Burke Automotive, Inc. v. Beavers, 674 So.2d 1260, 1265 n. 1 (Ala.1995)) (alteration in Regelin). The only evidence Ward presented in support of his claim of fraud in the inducement of the arbitration agreement was part of the deposition testimony of a Jack Ingram Motors employee, Ron Madrid. That testimony, taken in an unrelated case against Jack Ingram Motors, involved allegations of fraud relating to an acquisition fee. Madrid testified in that case that during the period in which Ward leased the car, heMadridwas the employee who explained the arbitration agreement to customers. However, Ward presented no evidence indicating that Madrid was the employee who handled Ward's lease paperwork or that he was the employee who made the alleged misrepresentations concerning the arbitration agreement. Thus, Ward failed to present substantial evidence on his fraudulent-inducement claim to create a triable issue. Because Ward failed to present substantial evidence in support of his fraudulent-inducement claim, I wouldas to both defendants reverse the order denying arbitration and remand for enforcement of the arbitration agreement.
NOTES
[1] There is mentioned in the record a videotape made during the closing of the lease transaction between Ward and Jack Ingram Motors. However, that videotape had not been produced at the time of the hearing on the motion to compel arbitration. The trial judge asked that the videotape be produced on the afternoon of the day of the hearing. We cannot tell from the record whether the videotape was ever produced or, if it was, whether the trial judge viewed it before he denied the motion to compel arbitration.