SEE, Justice
(concurring in Part II and in the judgment).
I agree with the main opinion’s conclusion that the deed from the original owners to WBT did not constitute an assignment of “the agreement” between them and A.B. that they would sell the property and that A.B. would purchase it. A contract for the sale of land must be in writing to satisfy the Statute of Frauds. § 8-9-2, Ala.Code 1975. An assignment of an interest, the creation of which is governed by the Statute of Frauds, must also comply with the Statute of Frauds. E. Allan Farnsworth, Contracts § 11.3, at 759 (1982) (“Absent a statute to the contrary, no writing is necessary for an effective assignment. However, the land contract provision of the statute of frauds may require a writing if the right assigned is one under such a contract.”). In this case, there was no writing purporting to assign “the agreement” from the original owners to WBT. Accordingly, WBT lacks standing to compel specific performance of “the agreement.” See, e.g., Nissan Motor Acceptance Corp. v. Ross, 703 So.2d 324, 326 (Ala.1997) (“A valid assignment gives the assignee the same rights, benefits, and remedies that the assignor possesses.”).
Therefore, I concur in Part II of the main opinion and in the judgment reversing the judgment of the Court of Civil Appeals and remanding with instructions to reinstate the summary judgment in favor of A.B.