I write to emphasize that a party opposing a motion to compel arbitration, by contending the arbitration clause is unconscionable, must submit evidence in some form in order to preserve that contention for appellate review.
It is well settled that a motion to compel arbitration is analogous to a motion for summary judgment. See TranSouth Fin. Corp. v. Bell,739 So.2d 1110 (Ala. 1999); Allstar Homes, Inc. v. Waters, 711 So.2d 924
(Ala. 1997), clarified as to other issues, Ex parte Perry, 744 So.2d 859
(Ala. 1999); Allied-Bruce Terminix Cos. v. Dobson, 684 So.2d 102 (Ala. 1995). After a motion to compel arbitration has been made and supported, the burden is on the nonmovant to present evidence indicating that the supposed arbitration agreement is not valid or does not apply to the dispute in question. TranSouth Fin. Corp. v. Bell, *Page 282 
739 So.2d at 1114, citing Ryan's Family Steak Houses, Inc. v. Regelin,735 So.2d 454 (Ala. 1999).
None of Bruno's three responses to the motions to compel arbitration was supported by any evidentiary material.[3] Bruno's requests for an evidentiary hearing, standing alone, are not the equivalent of submission of evidence.[4] We do not permit a party to defeat an opposing party's motion for summary judgment simply by requesting an evidentiary hearing. In those instances where we review an interlocutory order denying a motion for summary judgment by entertaining a petition for a writ of mandamus,[5] or by permitting an appeal pursuant to Rule 5, Ala.R.App.P.,[6] it would be improper to uphold the order denying the motion if the record before us was insufficient to justify the denial. We cannot justify disparate procedural treatment based simply on the fact that the underlying facts of this case may, if properly presented, demonstrate unconscionability of an arbitration agreement.
[3] Bruno attaches several affidavits as an appendix to her appellate brief. These affidavits have been filed in a separate proceeding. They are dated three months after the trial court entered the order that is before us on this appeal.
[4] Compare Jack Ingram Motors, Inc. v. Ward, 768 So.2d 362 (Ala. 1999), where this Court remanded for further proceedings, on a record that reflected two attempts to amend the complaint further to provide additional facts if the trial court felt the amendment necessary.
[5] See Ex parte Rizk, [Ms. 1970493, June 30, 2000] ___ So.2d ___ (Ala. 2000), acknowledging confinement of such review to cases where a party has unsuccessfully invoked immunity and seeks review by mandamus.
[6] See, e.g., Folmar Assocs. LLP v. Holberg, 776 So.2d 112 (Ala. 2000).