This is an appeal from the denial of a motion to compel arbitration. We reverse and remand.
 Facts and Procedural History
On December 18, 1997, Ronald Channell and Jane Channell purchased a mobile home from Johnson Mobile Homes of Alabama, Inc. The mobile home had been manufactured by Carriage Homes, a division of Brilliant Homes Corporation. Green Tree Financial Corporation n/k/a Conseco Finance Corporation ("Green Tree") financed the Channells' purchase of the mobile home. Johnson Mobile Homes agreed to resell a mobile home the Channells had traded in when they purchased the new mobile home. In connection with the financing transaction, the Channells executed a "Manufactured Home Retail Installment Contract and Security Agreement" ("the installment agreement"); the installment agreement set forth the terms of the purchase and the financing. The installment agreement identified the Channells as the buyers, Johnson Mobile Homes as the seller, and Green Tree as the assignee. The installment agreement contained the following arbitration clause:
 "14. ARBITRATION: All disputes, claims or controversies arising from or relating to this Contract or the parties thereto shall be resolved by binding arbitration by one arbitrator selected by Assignee with consent of Buyer(s). This agreement is made pursuant to a transaction in interstate commerce and shall be governed by the Federal Arbitration Act at 9 U.S.C. § 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY ASSIGNEE (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case law, statutory law and all other laws including, but not limited to, all contract, tort and property disputes will *Page 92 
 be subject to binding arbitration in accord with this Contract. The parties agree and understand that the arbitrator shall have all powers provided by the law and the Contract. These powers shall include all legal and equitable remedies including, but not limited to, money damages, declaratory relief and injunctive relief. Notwithstanding anything [herein to] the contrary, Assignee retains an option to use judicial (filing a lawsuit) or non-judicial relief to enforce a security agreement relating to the Manufactured Home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured Home. The institution and maintenance of a lawsuit to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by Assignee pursuant to this provision."
(Capitalization in original.) The Channells signed the installment agreement and initialed each page, including the page containing the arbitration clause.
In conjunction with the purchase of the mobile home, the Channells also executed a separate document entitled "Arbitration Agreement Between Johnson Mobile Homes of Alabama and Ronald Jane Channell" ("the Johnson Arbitration Agreement"). In essence, the Johnson Arbitration Agreement required the Channells to arbitrate any and all disputes they had with Johnson Mobile Homes, the seller of the mobile home.
When they executed the above-described agreements, Johnson Mobile Homes supplied the Channells with a document published by Carriage Homes that contained a written warranty. In addition to describing what was covered by the warranty, the warranty provided that "[a]ny disputes concerning the terms of the warranty as well as any other disputes, shall be resolved by binding arbitration pursuant to the terms of the [Johnson] Arbitration Agreement." Although the record does not indicate that the Channells signed or initialed the page of the warranty on which this statement appeared, the Channells admit that they received the warranty document.
On June 12, 1998, the Channells sued Johnson Mobile Homes, Carriage Homes, and Green Tree. Their complaint alleged revocation of acceptance, breach of warranties, negligence, breach of contract, and fraud against these defendants. The complaint also alleged fraud and unjust enrichment against Johnson Mobile Homes regarding Johnson Mobile Homes' agreement to resell the mobile home the Channells had traded in when they purchased the mobile home that is the subject of this action from Johnson Mobile Homes.
On July 20, 1998, Johnson Mobile Homes filed a motion to dismiss and to compel arbitration. On August 28, 1998, Carriage Homes filed its motion to compel arbitration of the Channells' claims. Both Johnson Mobile Homes and Carriage Homes based their motions upon the freestanding Johnson Arbitration Agreement, rather than on the arbitration clause contained in the installment agreement. After the Channells filed briefs addressing the motions and after a hearing was conducted, the trial court denied both parties' motions. In its October 9, 1998, order, the trial court concluded that Johnson Mobile Homes could not compel arbitration because it had induced the execution of the *Page 93 
Johnson Arbitration Agreement by fraud and because the Johnson Arbitration Agreement was a contract of adhesion. The trial court stated in its order that it was denying Carriage Homes' motion to compel arbitration because Carriage Homes was not a party to the Johnson Arbitration Agreement upon which its motion was based.
Carriage Homes appealed the trial court's order to this Court. We affirmed the denial of the motion to compel arbitration. See CarriageHomes v. Channell, 777 So.2d 83 (Ala. 2000). We held that the Johnson Arbitration Agreement was specifically applicable to the parties who executed it, namely the Channells and Johnson Mobile Homes, and that the language of the Johnson Arbitration Agreement was not broad enough to encompass the Channells' claims against Carriage Homes. Carriage Homes, 777 So.2d at 86. We also concluded that the Channells' claims against Carriage Homes were not inextricably intertwined with the claims against Johnson Mobile Homes and that there was "no pending or contemplated arbitration proceeding in which the doctrine of equitable estoppel could allow Carriage Homes to compel the Channells to arbitrate their claims against it." Id.
Although Johnson Mobile Homes did not appeal the trial court's denial of its motion to compel arbitration, on November 19, 1999, over one year after the trial court's original denial of Johnson Mobile Homes' motion to compel arbitration, it filed a Rule 60(b)(6), Ala.R.Civ.P., motion. Citing our holding in Green Tree Financial Corp. v. Wampler, 749 So.2d 409
(Ala. 1999), Johnson Mobile Homes argued that the assertion of the defenses that the contract was the result of fraudulent inducement and that it was a contract of adhesion did not preclude enforcement of an arbitration provision.
On February 10, 2000, the trial court denied Johnson Mobile Homes' Rule 60(b) motion, concluding that Johnson Mobile Homes' agreement to resell the mobile home the Channells traded in when they purchased the new mobile home was outside the scope of the Johnson Arbitration Agreement, and that the Channells' breach-of-express-warranty claims were not subject to arbitration based on the Magnuson-Moss Warranty Act. Johnson Mobile Homes appealed to this Court; we affirmed the trial court's ruling, without an opinion. Justice Houston dissented from the no-opinion affirmance. See Johnson Mobile Homes, Inc. v. Channell, 785 So.2d 1135
(Ala. 2000).
On December 8, 1999, Green Tree, which had financed the Channells' purchase of the mobile home from Johnson Mobile Homes, filed its motion to compel arbitration. Unlike Johnson Mobile Homes and Carriage Homes, Green Tree based its motion on the arbitration clause included in the installment agreement. Green Tree supported its motion with the affidavit of James Montour, Green Tree's regional manager. In his affidavit, Montour stated that Green Tree was a Delaware corporation and that its principal place of business was in St. Paul, Minnesota. Montour also testified as follows:
 "The financing transaction with respect to the purchase of the mobile home by the Channells was handled by the Jackson, Mississippi, office [of Green Tree]. The installment contract signed by the Channells indicates that the assignee was Green Tree Financial Corp.-Alabama with its address at P.O. Box 13767, Jackson, Mississippi 39236. Checks drawn by [Green Tree] in connection with the financial transaction, such as the payment to the mobile home dealer, were drawn on a bank account in East Grand Forks, Minnesota. The *Page 94 
 mobile home which is the subject of this action was financed and the payments made by the [Channells] on the purchase were to be, and have been, mailed to an address in Louisville, Kentucky."
On March 6, 2001, the trial court heard arguments regarding Green Tree's motion to compel arbitration. At the hearing, the Channells argued, as they had in their responsive briefs to Green Tree's motion, that Green Tree, as the assignee under the installment agreement, stood in the shoes of Johnson Mobile Homes and, because the trial court had already ruled that Johnson Mobile Homes was not entitled to arbitration of the Channells' claims, Green Tree was not entitled to arbitrate the Channells' claims against it. On March 9, 2001, the trial court denied Green Tree's motion to compel arbitration. In its order, the trial court stated that, as an assignee, Green Tree stood in the shoes of Johnson Mobile Homes. Because the trial court had previously decided that Johnson Mobile Homes was not entitled to arbitration, the trial court likewise determined that Green Tree could not compel arbitration of the Channells' claims. Green Tree appeals from that order.
 Analysis "A direct appeal is the proper procedure by which to seek review of a trial court's order denying a motion to compel arbitration.[1] See Homes of Legend, Inc. v. McCollough, 776 So.2d 741 (Ala. 2000). This Court reviews de novo a trial court's denial of a motion to compel arbitration. Id. at 745."
Tefco Fin. Co. v. Green, 793 So.2d 755, 758 (Ala. 2001).
Initially, we note that because Green Tree seeks to compel arbitration of the Channells' claims, it has the burden of proving the existence of a contract calling for arbitration and proving that that contract evidences a transaction that substantially affects interstate commerce.[2] SeeSouthern United Fire Ins. Co. v. Knight, 736 So.2d 582, 586 (Ala. 1999).
The record before us indicates that Green Tree is a Delaware corporation whose principal place of business is in Minnesota and that the installment agreement was assigned to Green Tree in exchange for funds it provided; those funds were drawn on an out-of-state financial institution. Additionally, the Channells mailed their installment payments to Green Tree at an address in Louisville, Kentucky.
These facts are similar to those presented in Green Tree FinancialCorp. v. Lewis, 813 So.2d 820 (Ala. 2001), and American General Finance,Inc. v. Branch, 793 So.2d 738 (Ala. 2000). In both Lewis and Branch we concluded that the subject transactions had had a substantial effect on interstate commerce based upon evidence that the lender in each case was a foreign corporation with headquarters outside of Alabama, that the loan proceeds had moved from outside Alabama to Alabama, and that payments made by the customers to the lender were sent out of the state of Alabama.Lewis, 813 So.2d at 823-24; Branch, 793 So.2d at 747. Based on the facts presented here and relying on *Page 95 
our holdings in Lewis and Branch, we conclude that Green Tree has met its burden of proving that the transaction made the subject of this litigation substantially affected interstate commerce and has thus triggered application of the Federal Arbitration Act ("FAA").[3]
On appeal, Green Tree argues that the trial court erred in denying Green Tree's properly supported motion to compel arbitration, which was based upon an arbitration clause that was separate and apart from the arbitration provision relied on by Johnson Mobile Homes. In its order denying Green Tree's motion to compel arbitration, the trial court found that Green Tree, as an assignee, must stand in the shoes of Johnson Mobile Homes and that because the trial court had previously determined that Johnson Mobile Homes could not arbitrate the Channells' claims against it, Green Tree likewise could not arbitrate their claims against it.
As an assignee, Green Tree simply steps into the shoes of the assignor, Johnson Mobile Homes, a signatory to the installment agreement, which contained the arbitration clause. See Nissan MotorAcceptance Corp. v. Ross, 703 So.2d 324, 326 (Ala. 1997) (citing Upchurchv. West, 234 Ala. 604, 609, 176 So. 186, 190 (1937), overruled on other grounds, Dominex, Inc. v. Key, 456 So.2d 1047 (Ala. 1984)). "A valid assignment gives the assignee the same rights, benefits, and remedies that the assignor possesses." 703 So.2d at 326. Therefore, as a result of the assignment of the installment agreement to Green Tree, it holds the same rights, benefits, and remedies that Johnson Mobile Homes held under the installment agreement.
Green Tree was not a party to the Johnson Arbitration Agreement and, thus, would not have been able to compel arbitration under that agreement. See Carriage Homes v. Channell, supra. It is undisputed that Johnson Mobile Homes did not assign its rights under the Johnson Arbitration Agreement to Green Tree. Because Johnson Mobile Homes' motion to compel arbitration was based solely upon the Johnson Arbitration Agreement, the trial court's determination that Johnson Mobile Homes could not compel arbitration of the Channells' claims was based solely upon the rights available to Johnson *Page 96 
Mobile Homes under that agreement. The trial court made no determination as to Johnson Mobile Homes' ability to arbitrate the claims made against it pursuant to the arbitration clause contained in the installment agreement.
With regard to the arbitration clause Green Tree relies on, we note that this Court has, in other cases, repeatedly recognized and upheld Green Tree's right, as an assignee, to compel arbitration based on arbitration clauses that are virtually identical to the one at issue here. See Green Tree Fin. Corp. v. Lewis, supra; Green Tree Fin. Corp.v. Shoemaker, 775 So.2d 149 (Ala. 2000); Green Tree Fin. Corp. v.Vintson, 753 So.2d 497 (Ala. 1999); Green Tree Fin. Corp. v. Wampler, supra; Ex parte Smith, 736 So.2d 604 (Ala. 1999); Ex parte Parker,730 So.2d 168 (Ala. 1999); Ex parte Napier, 723 So.2d 49 (Ala. 1998); andGreen Tree Agency, Inc. v. White, 719 So.2d 1179 (Ala. 1998). Although these cases are factually diverse, a common thread is found in each Green Tree sought arbitration based upon an arbitration clause contained in a contract that had been assigned to Green Tree. Likewise, we now hold that Green Tree, as assignee under the installment agreement, is entitled to enforce the arbitration clause contained in the installment agreement. Based on our prior decisions enforcing Green Tree's right, as an assignee of the contract, to arbitrate and based on the fact that Green Tree's motion was based on an arbitration clause that was separate from and independent of the one relied on by Johnson Mobile Homes in its motion to compel arbitration, we reverse the trial court's order denying Green Tree's motion to compel arbitration and remand this case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
See, Lyons, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
Houston, J., concurs in the result.
Moore, C.J., dissents.
[1] But see Rule 4(d), Ala.R.App.P., as amended May 10, 2001, effective October 1, 2001. By that amendment, an order either granting or denying a motion to compel arbitration will be reviewed by appeal.
[2] Although the Channells' brief to this Court does not challenge Green Tree's argument that the transaction substantially affected interstate commerce, we address this issue because it is a burden Green Tree must overcome to be entitled to arbitrate the claims against it.
[3] Although the Channells' brief does not specifically raise these issues before this Court as defenses to arbitration, in its initial response to Green Tree's motion to compel arbitration before the trial court the Channells argued (1) that the Magnuson-Moss Warranty Act precluded enforcement of the arbitration provision, and (2) that the arbitration clause was not sufficiently broad to encompass the intentional-tort claims they asserted against Green Tree. Because the warranty provided to the Channells specifically stated that "[a]ny disputes concerning the terms of the warranty, as well as any other disputes, shall be resolved by binding arbitration pursuant to the terms of the Arbitration Agreement," the Magnuson-Moss Warranty Act does not preclude enforcement of the arbitration agreement. See Southern EnergyHomes, Inc. v. Ard, 772 So.2d 1131, 1135 (Ala. 2000). Further, the arbitration clause in this case is very broad; it requires arbitration of "[a]ll disputes, claims or controversies arising from or relating to this Contract" or the relationships that resulted from the contract. Because the Channells sought revocation of acceptance and damages for breach of warranties, the arbitration clause contained in the installment agreement is sufficiently broad to encompass the claims alleged in the Channells' complaint. See Green Tree Fin. Corp. v. Shoemaker, 775 So.2d 149, 150- 51 (Ala. 2000) (holding that an identical arbitration provision in a Manufactured Home Retail Installment Contract and Surety Agreement "require[d] the plaintiffs to submit to arbitration all controversies that arise from, or relate to, the contract" including the plaintiffs' claims of invasion of privacy regarding collection of delinquent monthly payments on a mobile home).