[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15226
Non-Argument Calendar
_____

D.C. Docket No. 4:09-cv-01338-VEH

DENNIS QUARLES,
LUANNE QUARLES,

Plaintiffs - Appellants,

versus

NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY,
a Corporation,

Defendant – Appellee,

FRANK AMOS, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 15, 2013)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Dennis and Luanne Quarles appeal from an adverse summary judgment in favor Nationwide Property & Casualty Company ("Nationwide").

The Quarleses, Alabama residents, were insured under an insurance policy issued by Nationwide, an Ohio corporation. The Quarleses filed a claim with Nationwide for a fire that occurred at the Quarleses' home. Following Nationwide's investigation, the claim was denied based upon the insurance policy's exclusions regarding arson and misrepresentation. The Quarleses filed an action against Nationwide in the Circuit Court of Etowah County, Alabama, alleging state law claims for breach of contract, fraud/suppression, bad faith and negligence. Following removal to the United States District Court for the Northern District of Alabama. Nationwide filed an Answer, asserting, inter alia, the affirmative defense of arson.[1] Nationwide filed a motion for summary judgment along with supporting evidence. Nationwide's motion for summary judgment was unopposed because the Quarleses failed to file a timely responsive pleading.[2] The district court granted summary judgment in favor of Nationwide and dismissed the

---

[1] Alabama recognizes a statutory affirmative defense that prevents an insured who commits arson from recovering insurance benefits. To establish this affirmative defense for the purpose of denying coverage under the policy, Nationwide must show "(1) the fire was intentionally set; (2) [the Quarleses] had a motive for committing the alleged arson; and (3) [the Quarleses] either set the fire or had it set, which may be proved by unexplained surrounding circumstantial evidence implicating [the Quarleses]." Shadwrick v. State Farm Fire & Cas. Co., 578 So.2d 1075, 1077 (Ala. 1991).

[2] The Quarleses did file an untimely opposition to the motion for summary judgment, accompanied by a motion seeking permission to do so. Nationwide filed a motion to strike the response as untimely, which was granted.

2

case with prejudice.  We review a district court's grant of summary judgment <u>de novo</u>.  <u>Shannon v. Jack Eckerd Corp.</u>, 113 F.3d 208, 210 (11th Cir. 1997).

Pursuant to Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material facts, and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  Nationwide's motion for summary judgment presented evidence in the form of a Nationwide claims adjuster affidavit, Nationwide claim file or log notes, bank records, the insurance policy, the Quarleses' sworn proof of loss and tax returns, an affidavit of the Nationwide fire investigator, along with the cause and origin investigation report, a reservation of rights letter from Nationwide to the Quarleses, and portions of an examination under oath of the insured, Dennis Quarles.  On appeal, the Quarleses only argue that the record before the district court contained evidence which would support justifiable inferences that present genuine issues of material fact.  However, the undisputed evidence before the court was sufficient to establish the affirmative defense of arson and support a summary judgment in favor of Nationwide.

**AFFIRMED.**