MURDOCK, ’ Justice
(concurring in the result in case no. 1111422 and case no. 1111526).
As a general rule, a court’s order denying a motion to dismiss or a motion for a summary'judgment is not reviewable on appeal by way of a petition for a writ of mandamus. Ex parte Jackson, 780 So.2d 681, 684 (Ala.2000). As the main opinion notes, among the exceptions to this general rule are a trial court’s order denying a motion .to dismiss or a motion for a .summary judgment where the basis for the motion is a purported lack of standing on the part of the plaintiff, which, .in turn, gives rise to a question of subject-matter jurisdiction on the part of the trial court. 178 So.3d at 828 (citing Ex parte Liberty Nat’l Life Ins. Co., 888 So.2d 478, 480 (Ala.2003)).
In the present case, the basis for the motion in question is the allegation by the Sloss defendants[25] that, “before it initiated the underlying litigation based on the lease transaction, Goodall-Brown [Associates, L.P;,] purportedly had assigned away all of its rights--and interest in the lease to a third party”.'and/or the fact, as alleged by the Sloss defendants, that “as a result of [Thomas] - Latimer’s personal-bankruptcy filing, [Goodall-Brown ■ Management, L.L.C.,] was dissolved and ‘the [underlying] lawsuit *is being prosecuted and managed -by a nonexistent former general partner without authority to act on- behalf of the plaintiff.’” 178.So.3d at 829. Consis-' tent with, the authorities cited in note 22 of the main opinion, these issues are not, in fact, standing issues but,- instead, are issues that -go either to the merits of -the claims asserted by Goodall-Brown Associates (e.g,, whether Goodall-Brown Associates can prove that, notwithstanding its assignment of certain rights under the lease agreement,- it retained sufficient rights or interest in that agreement to be able to prove the elements of a breach-of-contraet .claim (and the elements of any other claims it .may.assert related to the lease agreement) or to the question of who is the real party in interest .in .this case). In any event, they are not properly framed as “standing” issues under this Court’s recent precedents, and I would deny the petition for the writ of mandamus on this basis alone without discussion of the elements of standing. Therefore/in case no. 11115261 concur in the result.
I also concur in the result in case no. 1111422, As the main opinion observes: “ ‘ “[A] valid assignment gives the assignee the same rights, benefits, and remedies that the assignor possesses,” such that the assignee “simply steps into -the" shoes of *834 the assignor,...”’” 178 So.3d at 826 (quoting Atlantic Nail Trust, LLC v. McNamee, 984 So.2d 376, 378 (Ala.2007), quoting in turn Nissan Motor Acceptance Corp. v. Ross, 703 So.2d 324, 326 (Ala.1997)). Here, there was an assignment of the mortgage from Superior Bank (“Superior I") to Superior Bank, . N.A. (“Superior II”). In addition, however, it is the fact that there was a merger of Superior II and Cadence Bank, N.A. (“Cadence”), that ultimately subjects the resulting entity, which in this ease retained the name “Cadence,” to the alleged obligations and liabilities of Superior II arising from Superior 1-I’s actions before that merger. That is, I find apposite the principle that, “[a]s a general rule, a corporation formed by consolidation or merger is responsible for the debts and liabilities of the constituent corporations, whether based on contractual or tort liability,” 19 G.J.S. Corporations § 910 (2007) (footnote omitted), and that, therefore, “[liability may be imposed upon a successor- corporation for the tortious conduct of its predecessor, if there has been a merger or consolidation,” 19 C.J.S. Corporations § 913 (2007) (footnote omitted). This principle has been codified in the laws of Alabama governing corporations and, specifically, corporate mergers:
“(a) When a merger takes effect:
[[Image here]]
“(3) The surviving • corporation shall be responsible and liable for all the liabilities and obligations of each corporation party to the merger; and neither the rights of creditors nor any liens upon the property of any corporation party to the merger shall be impaired by the merger;
“(4) Any claim existing or action or proceeding pending by or against any corporation party to the merger may be prosecuted, , or continued, as if the merger had not taken place, or the surviving corporation may be substituted in the action or proceeding for the corporation whose existence ceased....”
Ala.Code 1976, § 10A-2-11.06.

. Because of the number of defendants defined in the main opinion as "the Sloss defen-dañts,” 1 am using that term as defined in the main opinion. ■ ■ ' ■