**Stanley YOUNG and Jennifer Bryant, Plaintiffs,**

v.

**JIM WALTER HOMES, INC., Defendant.**

**No. CIV.A. 00–A–417–N.**

United States District Court, M.D. Alabama, Northern Division.

Aug. 25, 2000.

Julian L. McPhillips, Aaron J. Luck, Montgomery, AL, for plaintiff.

George W. Walker, Montgomery, AL, for defendant.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This matter is before the court on a Motion to Compel Arbitration and Stay Civil Proceedings (Doc. # 16), filed by Defendant Jim Walter Homes, Inc. ("JWH") in response to Plaintiffs' Second Amended Complaint.[1]

Stanley Young and Jennifer Bryant ("Plaintiffs") filed their original Complaint in this court pursuant to 28 U.S.C. § 1332. Plaintiffs are both citizens of Alabama and JWH is a corporation incorporated under the laws of Florida, with its principal place of business in Florida. Damages of more than $75,000 have been alleged.

Plaintiffs' Second Amended Complaint states claims for negligence, wantonness,

---

1. Plaintiffs' earlier motions addressed to the original Complaint and the First Amended Complaint (Docs. # 4 and 13) are DENIED as moot.

fraud, breach of contract, and breach of warranty. In addition, Plaintiffs seek a declaration that the arbitration agreement at issue is unenforceable.

JWH contends that Plaintiffs are required by contract to submit these claims to binding arbitration and therefore, has filed this Motion to Compel Arbitration and Stay Civil Proceedings. For reasons to be discussed, the Motion is due to be GRANTED.

## II. *FACTS*

The disputes in this case arise from the Plaintiffs' purchase of a home and accompanying land from JWH. Plaintiffs entered into a sales contract with JWH on October 8, 1998. The sales contract included a separate arbitration agreement which was signed by the Plaintiffs on the same date. The arbitration agreement states in part:

> The parties agree that, at the election of either party, any controversy or claim arising out of or relating to this contract, or the breach thereof, whether asserted as in tort or contract, or as a federal or state statutory claim, arising before, during or after performance of this contract, shall be settled by binding arbitration in accordance with the Comprehensive Arbitration Rules and Procedures administered by J.A.M.S./Endispute, and judgment upon the award rendered by the arbitrator may be entered in any Court having jurisdiction thereof.

Pl. Exh. D.

After purchasing their home, Plaintiffs discovered that the dwelling allegedly did not conform to the laws of the State of Alabama. Specifically, the home did not have an "approved, legal and working on-site sewage disposal system." *See* Second Amended Complaint ¶ 7. In addition, Plaintiffs discovered, after filing their original Complaint, that a third party had a claim to the property purchased by the

Plaintiffs from the Defendant. *See id.* at ¶ 36. Plaintiffs seek to resolve all disputes growing from their relationship with JWH through litigation in this court.

## III. *DISCUSSION*

### A. *The Federal Arbitration Act*

█ Title 9 of the United States Code, the Federal Arbitration Act ("FAA"), governs arbitration in this case. Pursuant to Section 2 of the FAA, a written arbitration "provision in any ... contract evidencing a transaction involving commerce ... [is] valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." [2] 9 U.S.C. § 2. For that reason, Alabama law, as it applies generally to all contracts, may be applied to test the validity, revocability, and enforceability of this particular arbitration agreement under the FAA. *See Perry v. Thomas*, 482 U.S. 483, 492 n. 9, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987).

Under Section 4 of the FAA, a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement" may petition the court "for an order directing that such arbitration proceed." 9 U.S.C. § 4. When a court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue," the court is required to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.*

Section 3 of the FAA governs stays of court proceedings where the issues to be litigated are referable to arbitration. This section requires a federal court, upon being satisfied that an issue is properly arbitrable, and upon application of one of the parties, to stay the trial of the action "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

---

**2.** There is no dispute between the parties that the transaction in question involved interstate commerce. The arbitration agreement itself recites that reality. *See* Pl. Exh. D. Thus, the FAA governs this dispute.

## B. Analysis

According to JWH, all of Plaintiffs' claims arise out of their purchase from JWH of the home and property under the October 8, 1998 sales contract and, thus, fall under the arbitration agreement which is a part of the contract. *See* Motion to Compel ¶ 5 (referencing doc. # 4 at 3). JWH further argues that the arbitration agreement is clear and unambiguous and is due to be enforced as the contractual agreement of the parties.

Plaintiffs advance two basic arguments in opposition to JWH's Motion to Compel Arbitration. First, the Plaintiffs contend that the arbitration agreement is unconscionable in that it deprives them of an effective remedy. *See* Second Amended Complaint ¶¶ 29–31; *see also* Pl. Br. at 3. Essentially, the Plaintiffs allege that the rules of arbitration in this specific case are unfair and prohibitively expensive. *See* Pl. Br. at 5. Second, Plaintiffs allege that the arbitration agreement itself lacks mutuality of remedy, rendering the clause unconscionable. *See id.* at 8.

■ Before addressing these specific arguments, the court notes that "[d]oubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *see also United Steelworkers of Am. v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 582–83, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) ("An order to arbitrate ... should not be denied unless it may be said with positive assurance that the arbitration agreement is not susceptible of an interpretation that covers the asserted dispute."). However, arbitration is still a matter of contract interpretation, and a party cannot be required to submit to arbitration any dispute absent an agreement to do so. *See AT & T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). In the present case, the language of the arbitration agreement is specific as to what it covers—it covers *"any controversy or claim arising out of or relating to this contract,* or the breach thereof, whether asserted as in tort or contract, or as a federal or state statutory claim, arising before, during or after the performance of this contract ..." *See* Pl. Exh. D (emphasis added).[3]

■ Every claim made by the Plaintiffs against JWH falls clearly within the ambit of this contractual language. The Plaintiffs have conceded that they signed the arbitration agreement. *See* Second Amended Complaint ¶ 29. Plaintiffs assert that they were unaware of the arbitration agreement or its meaning. However, under Alabama law, where a "competent adult, having the ability to read and understand an instrument, signs a contract, he will be held to be on notice of all the provisions contained in that contract and will be bound thereby." *Power Equip. Co. v. First Alabama Bank*, 585 So.2d 1291, 1296 (Ala.1991) (citations omitted). The only question before this court is whether the Plaintiffs might avoid the arbitration agreement they signed on a theory of unconscionability. Once again, Alabama law provides the rule of decision.

■ A court should "refuse to enforce an arbitration agreement where the record supports a determination of unconscionability." *Ex parte Napier*, 723 So.2d 49, 52 (Ala.1998). The burden of proving unconscionability of an arbitration agreement rests on the party challenging the agreement. *See Rhode v. E & T Invs., Inc.*, 6 F.Supp.2d 1322, 1326 (M.D.Ala.1998). Alabama courts rely on the following four factors in determining whether a contract or contract provision is unconscionable: (1)

---

**3.** While the arbitration agreement is a separate document from the sales contract, and separately signed by the Plaintiffs, it is attached to the sales contract as Exhibit "D" and specifically incorporated into it by Section 8 of the sales contract, with acknowledgment by the Plaintiffs' initials.

whether there is an absence of meaningful choice on one party's part; (2) whether the contractual terms are unreasonably favorable to one party; (3) whether there was unequal bargaining power among the parties; and (4) whether there were oppressive, one-sided or patently unfair terms in the contract. *Rollins, Inc. v. Foster,* 991 F.Supp. 1426, 1434 (M.D.Ala.1998) (citations omitted). In addition, "Alabama courts recognize that the rescission of a contract or portion of a contract 'is an extraordinary remedy usually reserved for the protection of the unsophisticated and uneducated.'" *Id.* at 1434–35 (citations omitted). The question that must be asked here is "whether the arbitration clause is so unfavorable to [the Plaintiffs] that it simply would not have been reasonable for [them] knowingly to accept it, given any meaningful choice," and whether they "cannot obtain through arbitration the very same relief that would be otherwise available in a court action." *Roberson v. The Money Tree of Alabama, Inc.,* 954 F.Supp. 1519, 1525–26 (M.D.Ala.1997) (applying Alabama law). With these general principles in mind, the court turns to the specific arguments raised by the Plaintiffs.

### 1. *Validity of Rules and Procedures of Arbitration*

Plaintiffs argue that the cost of pursuing their state-law claims under the arbitration procedures is prohibitive, whereas litigation in this court is not. More specifically, Plaintiffs challenge the adequacy of the arbitration procedures in this case as compared to civil litigation. Plaintiffs' argument would have merit if the facts suggested that they would be left without recourse in any forum because of the costs of arbitration. *See Rollins, Inc.,* 991 F.Supp. at 1438. "When a party who is in such an inferior bargaining position . . . is

compelled to assert her claims in arbitration, thus precluding a remedy in the less expensive public fora, and the costs of the arbitral fora render the party unable to pursue her claim, the clause is oppressive and one-sided and therefore unconscionable." *Id.* at 1437. The question is whether an avenue of relief remains available to the Plaintiffs. If the expense of arbitration makes it impossible for the Plaintiffs to pursue their common law claims, the agreement to arbitrate is unenforceable.

■ The facts do not persuade this court that the Plaintiffs are deprived of a forum in which to pursue their claims against JWH. Plaintiff Young states that Plaintiffs would not be able to afford the fees associated with arbitration under the J.A.M.S./Endispute Comprehensive Rules and Procedures. *See* Pl. Exh. A. This testimony alone is insufficient to render the arbitration agreement unconscionable. *See Rollins, Inc.,* 991 F.Supp. at 1438. "Because general principles of Alabama contract law do not excuse performance on grounds of financial hardship, we cannot allow a party's poverty, standing alone and independent of other considerations justifying a finding of unconscionability, to constitute a defense to enforcement of an arbitration agreement." *Green Tree Fin. Corp. v. Wampler,* 749 So.2d 409, 416 (Ala. 1999). Moreover, the rules of the arbitration specifically provide for hardship and/or indigence.[4] The presence of these hardship provisions in the arbitration rules weigh against a finding of unconscionability.

Plaintiffs allege that they will be unlikely to secure counsel to represent them in arbitration, and their present counsel has stated under oath that he will not represent the Plaintiffs if arbitration is compelled. *See* Pl. Exh. G. This information tends to support the Plaintiffs' position that an adequate forum is unavailable to

---

4. The rules of the arbitration, drafted by J.A.M.S./Endispute, state that J.A.M.S./Endispute "may require" pre-payment of Arbitration expenses by the Parties. However, Rule 30(b) allows for waiver of the deposit require-

ment upon a showing of good cause by either party. *See* Pl. Exh. E. Rule 22(d) and Rule 30(c) also allow for the taxing of costs and fees by the arbitrator where appropriate under the applicable law. *See id.*

them. *See Rollins*, 991 F.Supp. at 1439. However, counsel's preference for litigation does not render this arbitration agreement unconscionable. The fact that counsel is willing to advance the cost of litigation, but not arbitration, does not in any way indicate to this court that the parties' agreement to arbitrate disputes arising from the sales contract is unenforceable. To the contrary, it is clear that the arbitration rules applicable to this case allow for the full range of remedies that would be available to Plaintiffs in federal court. *See* Pl. Exh. E (Rule 22(d)).

In their brief opposing JWH's Motion to Compel, Plaintiffs rely heavily on two recent Eleventh Circuit decisions. In *Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054 (11th Cir.1998), the court affirmed the district court's refusal to compel arbitration where the arbitration agreement purported to limit a Title VII plaintiff to contract damages. The facts of *Paladino* differ significantly from the facts of this case. Most important, the arbitration agreement between Plaintiffs and JWH does not attempt to limit the damages available to an aggrieved party. Rule 22(d) of the arbitration rules provides:

> The Arbitrator(s) is authorized to award any remedy allowed by the applicable law, including multiple damages, pre- or post-judgment interest and attorneys' fees and expenses, and to grant final or interlocutory relief, including injunctive relief, unless the parties have agreed to a narrower scope of permissible relief. Notwithstanding this authority, the Arbitrator may not Award punitive damages unless previously agreed by the Parties or unless punitive damages are required by law to be an available remedy in such cases. In the Award, the Arbitrator may also assess Arbitration fees and expenses if provided by agreement of the Parties, allowed by applicable law or pursuant to Rule 30(c), in favor of either Party.

Pl. Exh. E.

The arbitration agreement in *Paladino* deprived the Title VII plaintiff of "any hope of meaningful relief, because it restricted drastically the relief to which the Plaintiff could otherwise be entitled under Title VII." *Paladino*, 134 F.3d at 1062. That is not the case here. The agreement between JWH and the Plaintiffs explicitly authorizes the arbitrator to award "any remedy allowed by the applicable law." Pl. Exh. E.

The *Paladino* court also found that the "steep" filing fee of $2,000 required of the plaintiff in that case contributed to the unenforceability of that particular arbitration clause. 134 F.3d at 1062. Here, the filing fee required of the Plaintiff is $250. Pl. Exh. E. As noted by JWH, that fee is comparable to the $150 fee required for filing suit in this court. *See* Def. Reply Br. at 5.

Plaintiffs also rely on *Randolph v. Green Tree Fin. Corp.*, 178 F.3d 1149 (11th Cir. 1999). *Randolph*, however, is distinguishable from the present case because it addressed the issue of the enforceability of an arbitration clause when a statutory right was in question. *See Randolph*, 178 F.3d at 1159 (Randolph argues that the arbitration clause prevented her from "vindicating specific statutory rights under" the Truth in Lending Act). In *Randolph*, the Eleventh Circuit found that an arbitration clause that "says nothing about the payment of filing fees or the apportionment of the costs of arbitration" was unenforceable because it did not prevent a consumer from being saddled with fees and costs in excess of any award. *See id.* at 1158. The *Randolph* court discusses other cases where courts found high arbitration costs not unconscionable, but distinguished itself from these by pointing out that a specific statutory right was being prevented from being vindicated and by pointing out that no rules for the arbitration were set out in the arbitration clause. *See id.* at 1159.

This court has previously noted the inapplicability of the *Randolph* analysis to a

case where no statutory rights are being implicated. *See Sankey v. Sears, Roebuck & Co.,* 100 F.Supp.2d 1290 (M.D.Ala.2000). Here, as in the *Sankey* case, Plaintiffs are bringing state common law claims. *See* Second Amended Complaint. As this court noted in *Sankey:*

> When finding arbitration clauses unenforceable, the Eleventh Circuit has focused on the fact that statutory rights were involved: 'When an arbitration clause has provisions that defeat the remedial purpose of [a] statute,... the arbitration clause is not enforceable.' *Paladino v. Avnet Computer Techs., Inc.,* 134 F.3d 1054, 1062 (11th Cir.1998) (citations omitted). In the present case, there is no remedial purpose that is put into jeopardy by compelling Sankey to arbitrate her claims. Accordingly, the court does not find *Randolph* persuasive that the present arbitration clause is unenforceable.

100 F.Supp.2d at 1298.

This case is indistinguishable from *Sankey* with regard to this issue. By enforcing the arbitration agreement that the Plaintiffs entered into with JWH, this court does not undermine any statutory remedial policy. Hence, the *Randolph* decision does not implicate the enforceability of the agreement between Plaintiffs and JWH.

The cases holding to the contrary are thus decided against a specific factual background—a background that has no analogue in this case. In this case, the arbitration agreement plainly provides for sufficient remedies and procedures to withstand any direct assault on its enforceability. By contrast, the defective arbitration clauses in both *Paladino* and *Randolph* attempted to substantially limit the plaintiffs' rights. This difference in facts is decisive under existing law. In the present case the court has every reason to believe that the Plaintiffs will be able to fully and adequately vindicate their rights through the process of arbitration.[5]

**2. *Mutuality of Remedy***

█ The Plaintiffs also condemn the arbitration agreement on the ground that it gives JWH the option to litigate in certain circumstances while the Plaintiffs are limited to arbitration. Pl. Br. at 8; *see also* Pl. Exh. D. The Supreme Court of Alabama has rejected this precise argument on at least three occasions during the last year. *See e.g., Green Tree Fin. Corp. v. Wampler,* 749 So.2d 409, 416 (Ala.1999); *Green Tree Fin. Corp. v. Vintson,* 753 So.2d 497, 503–04 (Ala.1999); *Ex parte Parker,* 730 So.2d 168, 171 (Ala.1999). While lack of mutuality of remedy might be considered a factor in determining unconscionability, it is not in itself sufficient to support a claim of unconscionability. *See Ex parte Parker,* 730 So.2d at 171. The Supreme Court of Alabama has curtly referred to Plaintiffs' mutuality of remedy argument as being "simply erroneous." *Vintson,* 753 So.2d at 504.

> The doctrine of mutuality of remedy is limited to the availability of the ultimate redress for a wrong suffered by a plaintiff, not the means by which that ultimate redress is sought. A plaintiff does not seek as his ultimate redress an arbitration proceeding or a court proceeding. Instead, he seeks legal relief (e.g., damages) or equitable relief (e.g., specific performance) for his injury, and he uses the proceeding as a means to obtain that result.

*Id.*

In short, both litigation and arbitration are simply means to an end. Alabama law does not render unenforceable a contract which reserves to one party the right to litigate certain claims while requiring the other party to arbitrate. Most federal courts which have considered the issue have reached the same conclusion. *See e.g., Harris v. Green Tree Fin. Corp.,* 183 F.3d 173, 180 (3d. Cir.1999). This court joins them.

---

**5.** For an example of some egregiously unfair arbitration rules, refer to *Hooters of America,*

*Inc. v. Phillips,* 173 F.3d 933, 938–40 (4th Cir.1999).

## IV. CONCLUSION

The court finds that the Plaintiffs have not met their burden of proving that the agreement to arbitrate was unconscionable. The agreement is not so unfavorable to the Plaintiffs that it would have been unreasonable for them to accept it if they had had that choice. Although the arbitration agreement limits the Plaintiffs' ability to bring a suit in court, the Plaintiffs have not demonstrated that enforcement of the arbitration agreement will strip them of any remedy which would have been available to them in federal court. Taking these factors into consideration, the court cannot conclude that the arbitration agreement at issue in this case is unconscionable, especially in light of the federal policy favoring arbitration. For the reasons stated above, JWH's Motion to Compel Arbitration and Stay Civil Proceedings is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

## ORDER

In accordance with the Memorandum Opinion entered on this date, it is ORDERED as follows:

1. Defendant's Motion to Compel Arbitration and Stay Proceedings is GRANTED.

2. The Plaintiffs, Stanley Young and Jennifer Bryant, are to submit all claims against Defendant Jim Walter Homes, Inc., currently pending before this court, to binding arbitration in accordance with the Comprehensive Arbitration Rules and Procedures adopted by the parties in the Arbitration Agreement on October 8, 1998.

3. Pursuant to 9 U.S.C. § 3, this action is hereby STAYED pending the above ordered arbitration. While the Clerk of this court is DIRECTED to close this action for statistical purposes, the court retains jurisdiction and the parties may request reinstatement at any time that they require the court's intervention.