In re Gary GRANT, Debtor.

Gary Grant, Plaintiff,

v.

Gary Cole, Miranda Havener, Rhoda Mengert, Kevin Meyer, Conseco Financial Corp.—Alabama f/d/b/a Green Tree Financial Corporation, and Conseco Finance Servicing Corp., Defendants.

Bankruptcy No. 99–13952–MAM–7.
Adversary No. 00–1142.

United States Bankruptcy Court,
S.D. Alabama.

Oct. 17, 2000.

Michael J. McCormick, Biloxi, MS, for the Debtor.

Kent D. McPhail, Mobile, AL, for Conseco Finance Corp.

ORDER DENYING IN PART THE MOTION OF CONSECO FINANCIAL CORP.—ALABAMA TO COMPEL ARBITRATION AND GRANTING IN PART DEBTOR'S MOTION TO DETERMINE THIS ADVERSARY TO BE A CORE PROCEEDING

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the motion of Conseco Finance Corp.-Alabama, f/d/b/a/ Green Tree Financial Corporation ("Conseco") to stay proceedings and to compel arbitration and Debtor's motion to determine that this adversary is a core proceeding. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Order of Reference of the District Court. At least to the extent indicated below, this is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the motion of Conseco to stay proceedings and to compel arbitration is denied as to the allegations of contempt for violating the automatic stay and the discharge injunction and Debtor's motion to determine that this adversary is a core proceeding is granted as to the allegations of contempt for violating the automatic stay and the discharge injunction. As to the alleged RICO violations, the Court will stay any ruling and address the motions at a later date after the United States Supreme Court has ruled in *Green Tree Financial Corp—Alabama, and Green Tree Financial Corporation v. Randolph*, No. 99–1235.

## FACTS

On July 15, 1997 Debtor purchased a manufactured home from Southern Lifestyle Manufacturing, Inc. and executed a promissory note which included an arbitration provision. The provision stated:

14. Arbitration: All disputes, claims controversies arising from or relating to this contract or the parties thereto shall be resolved by binding arbitration by one arbitrator selected by you with my consent. This agreement is made pursuant to a transaction in interstate commerce and shall be governed by the Federal Arbitration Act at 9 U.S.C. Sec-

tions 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. The parties voluntarily and knowingly waive any right they have to a jury trial whether pursuant to arbitration under this clause or pursuant to a court action by you (as provided herein) the parties agree and understand that all disputes arising under case law, statutory law and all other laws including, but not limited to, all contract, tort and property disputes will be subject to binding arbitration in accord with this contract. The parties agree that the arbitrator shall have all powers provided by law, the contract and the agreement of the parties. These powers shall include all legal and equitable remedies including, but not limited to, money damages, declaratory relief and injunctive relief. Notwithstanding anything hereunto the contrary, you retain an option to use judicial (filing a lawsuit) or non-judicial relief to enforce a security agreement relating to the manufactured home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the manufactured home or to foreclose on the manufactured home. The institution and maintenance of a lawsuit to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this contract, including the filing of a counterclaim in a suit brought by you pursuant to this provision.

The promissory note and security agreement were then assigned to Conseco. On November 9, 1999, Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code. On July 5, 2000, Debtor filed an adversary proceeding asserting that Conseco violated the automatic stay provided by § 362(a) of the Bankruptcy Code and the discharge injunction in § 524(a) of the Bankruptcy Code and seeking compensatory and punitive damages, injunctive relief, and attorney's fees and costs. Debtor later filed an amended complaint alleging civil RICO allegations against Conseco in addition to the allegations of the original complaint. Conseco then filed a motion to stay proceedings including discovery and to compel arbitration of all of Debtor's claims. Debtor filed a motion to determine that all causes of action in this adversary are core proceedings.

### LAW

■ There are two motions at issue at present: (1) Conseco's motion to stay all proceedings in this adversary case and to compel arbitration pursuant to the arbitration clause of the contract between Debtor and Conseco; and (2) Debtor's motion to determine that all causes of action in his adversary case are core proceedings and therefore should be heard by this Court. Both of these issues are legal in nature and can be dealt with before trial. Conseco bears the burden of proving its right to arbitration; Debtor must prove his claims are core proceedings.

The Court concludes that the issues raised by the two motions are linked and are not discrete. Therefore the Court will deal with the matters jointly. There are four issues which need to be addressed: (1) Is the court bound by the terms of the parties' agreement as to all of Debtor's causes of action? (2) Does the Bankruptcy

**724**

Code preempt the parties contract rights if there is a conflict? (3) Is contempt or violation of a court order or abuse of or disrespect for judicial authority appropriate for arbitration? and (4) What is the status of the Supreme Court case involving the application of a similar arbitration clause and how does it impact this case?

### A.

■■■ The contract containing the arbitration clause is between Conseco and Gary Grant ("all disputes, claims controversies arising from or relating to this contract or the parties thereto.") A contract is to be construed strictly against the drafter. *Molton, Allen and Williams, Inc. v. St. Paul Fire & Marine Ins. Co.*, 347 So.2d 95, 99 (Ala.1977) (noting that ambiguities in a contract are to be construed against the drafter except in those situations where circumstances make the terms clear). Conseco drafted this contract provision. The Court is not a party to the agreement. Debtor asserts that Conseco has violated this Court's automatic stay and discharge order. This Court entered those orders. This Court is a party to those orders and the Court is an entity offended if the orders are not obeyed. A party who has not agreed to arbitration of its claim cannot be forced to arbitrate. *First Options of Chicago v. Kaplan*, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). This Court does not agree to arbitrate the claims. Therefore, the arbitration clause cannot require arbitration of the claims alleging violation of §§ 362 and 524 of the Code.

The contract also requires arbitration of "disputes, claims or controversies arising from or relating to this contract." Debtor's disputes under §§ 362 and 524 do not arise out of or relate to the parties contract, at least in any direct manner. The claims arise from and relate to Conseco's

actions in furtherance of or violation of this Court's orders.

### B.

■■■ The Bankruptcy Code is a purely federal law creature. It arises from Article I, § 8(4) of the Constitution which authorizes Congress to establish "uniform laws of bankruptcy." There have been many cases in which courts have held that the Bankruptcy Code preempts contrary state or federal law. *International Shoe Co. v. Pinkus*, 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318 (1929); *In re Rainwater*, 233 B.R. 126 (Bankr.N.D.Ala.1999); *In re Harless*, 187 B.R. 719 (Bankr.N.D.Ala.1995); *In re Fidelity Standard Mortg. Corp.*, 36 B.R. 496 (Bankr.S.D.Fla.1983). This is due to the need of bankruptcy courts for speedy, consistent, centralized resolution of issues concerning core bankruptcy issues. *Knepp v. Credit Acceptance Corp. (In re Knepp)*, 229 B.R. 821, 844–45 (Bankr.N.D.Ala.1999); *Insurance Co. of North America v. NGC Settlement Trust & Asbestos Claims Management Corp. (Matter of National Gypsum Co.)*, 118 F.3d 1056, 1069 (5th Cir.1997).

■■■ Some cases have held that bankruptcy courts need not enforce arbitration provisions to the extent arbitration would conflict with the purpose or a provision of the Bankruptcy Code. *Insurance Co. of North America v. NGC Settlement Trust & Asbestos Claims Management Corp. (Matter of National Gypsum Co.)*, 118 F.3d 1056 (5th Cir.1997); *Knepp v. Credit Acceptance Corp. (In re Knepp)*, 229 B.R. 821 (Bankr.N.D.Ala.1999); *In re Chorus Data Sys.*, 122 B.R. 845, 851 (Bankr.N.H. 1990). The cases state that core proceedings should not be sent to arbitration and noncore proceedings should. Core proceedings have been defined as proceedings that involve a right created by federal bankruptcy law, or one which would only

arise in bankruptcy. *Wood v. Wood (In re Wood)*, 825 F.2d 90 (5th Cir.1987); See 28 U.S.C. § 157(a)(2). The cases conclude that the issues which are core proceedings are central to the Bankruptcy Code's main purpose and that bankruptcy courts should decide them. The issues directly affect determination of assets and distribution priorities. Noncore proceedings are more typically two party disputes which do not directly affect other creditors and thus could be effectively arbitrated. A violation of the stay or the discharge order lies in between these two. It affects only the debtor and one creditor directly, but impacts the effect and weight of court orders in general which affects all creditors. Allowing arbitrators to resolve a contempt matter would present a conflict with the Code because it would allow an arbitrator to decide whether or how to enforce a federal injunction under §§ 362 and 524. See *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). Allowing arbitration of alleged violations of court authority would leave nonjudicial third parties to punish abuse of the judicial system. Such a forced abdication of court power is not appropriate. It would be like a parent telling a child not to lie to her teacher. Then when she does, letting the child and her teacher go to another relative to determine the child's punishment! The parent's authority is eroded. The power and authority of a court is diminished by this similar delegation of power. It cannot and should not be.

### C.

■■■■ Contempt is "conduct that defies the authority or dignity of a court or legislature." Black's Law Dictionary 313 (7th ed.1999). The duty to comply with a court's order is a duty owed to the system itself—not just to the party for whose direct benefit the order is entered. A violation of an order is an affront to the system itself. Punishment is necessary not just to compensate a party, but to insure future compliance with the judicial system. An arbitrator cannot be allowed to take the role of protector of the judicial process when he or she is outside of the system and is an alternative to the system.

### D.

The U.S. Supreme Court currently has under advisement the enforceability of an arbitration provision in a similar Alabama contract between a consumer debtor and Conseco's assignor. *Randolph v. Green Tree Financial Corp.—Alabama, and Green Tree Financial Corporation*, 178 F.3d 1149 (11th Cir.1999), cert. granted, 529 U.S. 1052, 120 S.Ct. 1552, 146 L.Ed.2d 458 (2000). In that case, the consumers assert that the arbitration provision in their contract is unconscionable because there was an absence of a reasonable choice for the consumer; there was unequal bargaining power between the parties; and the terms of the arbitration agreement unreasonably favor Conseco and are oppressive and unfair. These same arguments apply to this arbitration clause and have been raised in this case. If the Supreme Court determines that the arbitration clause it is reviewing is unenforceable, then the provision in this case is likely unenforceable too and this court will hear the RICO claims raised by Debtor. If the Supreme Court declares the provision in the Green Tree case enforceable, then the provision in this case is also likely enforceable and the court will compel arbitration of the RICO claims. A stay as to trial or arbitration of these issues is appropriate until a Supreme Court decision. There is no need for this court to rule immediately. There will be no undue prejudice to creditors.

## CONCLUSION

Conseco's motion to compel arbitration is due to be denied as it relates to the causes of action under §§ 362 and 524. The Bankruptcy Code's primacy in core proceedings such as these should be recognized. The judicial system's inherent power to enforce its own orders must be upheld. As to the RICO claims, which are not solely bankruptcy created issues, nor are they related to the inherent power of the court, the result may be different. It may depend upon the U.S. Supreme Court's ruling in *Green Tree v. Randolph.* Since there is no undue prejudice to Debtor or Conseco beyond delay that a stay of determination as to arbitration would cause, the court will stay ruling on the arbitrability of the RICO claims until after the Supreme Court's ruling.

■■■ As to Debtor's motion to declare the adversary a core proceeding, the court concludes that the §§ 362 and 524 actions are core proceedings and/or are actions which are part of the inherent power of the court. A court can always enforce its own orders and punish parties who disobey them. *Hamilton Allied Corp. v. Kerkau Manufacturing Corp. (In re Hamilton Allied Corp.),* 87 B.R. 43 (Bankr.S.D.Ohio 1988); *Carlson v. Johnson,* 327 S.W.2d 704, 707 (Tex.Civ.App.1959). Therefore, the motion to declare the issues in the adversary proceeding core proceedings is due to be granted as to the claims under §§ 362 and 524.

Once a determination is made by this court as to the claims arising under §§ 362 and 524, a final judgment may be entered pursuant to Fed. R. Bankr.P. 7054(a). Rule 7054(a) incorporates Fed.R.Civ.P. 54(b) which states: "When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The remaining RICO claims are separate and distinct and can be disposed of later.

THEREFORE, IT IS ORDERED AND ADJUDGED:

1. The motion of Conseco finance Corp.—Alabama to stay proceedings and to compel arbitration is DENIED as to the portion of the complaint that pertains to contempt for violation of the automatic stay and discharge injunction.

2. The motion of the Debtor, Gary Grant, to determine that this adversary is a core proceeding is GRANTED as to the portion of the complaint that pertains to contempt for violation of the automatic stay and discharge injunction.

3. The motions of both parties as to the federal RICO allegations are set for status on March 14, 2001 at 8:30 a.m. in Courtroom 2, U.S. Bankruptcy Court, 201 St. Louis Street, Mobile, Alabama 36602.

4. Trial of the issues re violation of §§ 362 and 524 is set on December 19, 2000 at 10:00 a.m. in Courtroom 2, U.S. Bankruptcy Court, 201 St. Louis Street, Mobile, Alabama 36602.